# UNITED STATES FOREIGN

# INTELLIGENCE SURVEILLANCE COURT

# WASHINGTON, D.C.

|  |  |
|---|---|
| IN RE MOTION FOR CONSENT TO DISCLOSURE OF COURT RECORDS OR, IN THE ALTERNATIVE, A DETERMINATION OF THE EFFECT OF THE COURT'S RULES ON STATUTORY ACCESS RIGHTS | Docket No.: Misc. 13-01 |

## OPINION AND ORDER

This matter is before the Foreign Intelligence Surveillance Court ("FISC" or "Court") on the Motion of the Electronic Frontier Foundation for Consent to Disclosure of Court Records or, in the Alternative, a Determination of the Effect of the Court's Rules on Statutory Access Rights, which was submitted on May 23, 2013 ("EFF Motion"), and the Opposition of the United States thereto, which was submitted on June 7, 2013 ("Gov't Opp.").

EFF and the Government are engaged in litigation in the United States District Court for the District of Columbia regarding EFF's request pursuant to the Freedom of Information Act ("FOIA") for disclosure of particular FISC records in the Government's possession – two versions of the same Court opinion (hereinafter referred to collectively as the "Opinion"). See Gov't Opp at 1. The Government has argued in the District Court that the Rules of this Court prohibit disclosure of the Opinion to EFF pursuant to FOIA. See id. The District Court has granted EFF's unopposed motion to stay the proceedings in the FOIA litigation, apparently for the purpose of allowing EFF to request relief from this Court regarding the claimed prohibition.

See EFF Motion at 4; Gov't Opp. at 2.

In its Motion to this Court, EFF requests either: (1) "entry of an order in which this Court notes its consent (or lack of opposition) to the disclosure of the material EFF seeks should such material be found to be non-exempt under the provisions of FOIA, subject to any security procedures the Court deems appropriate"; or (2) "a determination that the FISC rules do not prohibit disclosure of the requested material in a manner that would supersede a judicial determination that such material is subject to disclosure under FOIA." EFF Motion at 7-8. The Government responds that the Court should deny the EFF Motion "both because it is outside this Court's jurisdiction and because there is good reason not to vacate the seal on the opinion." Gov't Opp. at 1.

The Court concludes that it has jurisdiction to adjudicate the EFF Motion and that the FISC Rules do not prohibit the Government's disclosure of the Opinion in the event it is ultimately determined by the District Court to be subject to disclosure under FOIA.

I.      *The EFF Motion is Within the Jurisdiction of this Court.*

"[T]he FISC is an inferior federal court established by Congress under Article III," and like all other such courts, "'has supervisory power over its own records and files.'" In re Motion for Release of Court Records, 526 F. Supp. 2d 484, 486 (FISA Ct. 2007) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). In a prior matter involving a motion by the American Civil Liberties Union ("ACLU") for access to certain FISC records, this Court held that it had jurisdiction to entertain the motion, explaining that "it would be quite odd if the FISC did not have jurisdiction in the first instance to adjudicate a claim of right to the Court's very own records and files." Id. at 487. The Government asserts that the same reasoning is

inapplicable here because, unlike the records sought by the ACLU, which were identified as being in the Court's possession, the copies of the Opinion that are sought by EFF are in the possession of the Government. Gov't Opp at 3-4. The Government also observes that in the ACLU matter, the movant's claim of right was directed at the Court itself, while EFF is asserting a statutory right of access against the Executive Branch. Id. at 3.

These differences are immaterial to the question of jurisdiction. The very reason the parties are now before this Court is the Government's contention (disputed by EFF) that this Court, by operation of FISC Rule 62, continues to exert authority and control over copies of the Opinion in the Government's possession in a manner that prohibits the disclosure sought by EFF pursuant to FOIA. The Court has little difficulty concluding that it has jurisdiction to adjudicate this dispute between the parties over whether the Court has in fact prohibited such disclosure and, if so, whether the prohibition should be modified or lifted.

II.    *FISC Rule 62 Does Not Prohibit the Government from Disclosing Copies of the Opinion to EFF Pursuant to FOIA.*

The Court disagrees with the Government that FISC Rule 62 prohibits the disclosure of the copies of the FISC Opinion to EFF under FOIA. Rule 62 provides as follows:

**Rule 62.  Release of Court Records.**
**(a) Publication of Opinions.** The Judge who authored an order, opinion, or other decision may *sua sponte* or on motion by a party request that it be published. Upon such request, the Presiding Judge, after consulting with other Judges of the Court, may direct that an order, opinion or other decision be published. Before publication, the Court may, as appropriate, direct the Executive Branch to review the order, opinion, or other decision and redact it as necessary to ensure that properly classified information is appropriately protected pursuant to Executive Order 13526 (or its successor).
**(b) Other Records.** Except when an order, opinion, or other decision is published or provided to a party upon issuance, the Clerk may not release it, or other related record, without a Court order. Such records must be released in conformance with the security measures referenced in Rule 3.

**(c) Provision of Court Records to Congress.**

    **(1) By the Government.** The government may provide copies of Court orders, opinions, decisions, or other Court records, to Congress, pursuant to 50 U.S.C. §§ 1871(a)(5), 1871(c), or 1881f(b)(1)(D), or any other statutory requirement, without prior motion to and order by the Court. The government, however, must contemporaneously notify the Court in writing whenever it provides copies of Court records to Congress and must include in the notice a list of the documents provided.

    **(2) By the Court.** The Presiding Judge may provide copies of Court orders, opinions, decisions, or other Court records to Congress. Such disclosures must be made in conformance with the security measures referenced in Rule 3.

The Government contends that Rule 62 has the effect of placing copies of the Opinion in its possession "under this Court's seal." Gov't Opp. at 4. The term "seal," however, does not appear in Rule 62, and contrary to the Government's contention, Rule 62 neither explicitly nor implicitly places the Government's copies of the Opinion "under seal."

Rule 62 contains four subsections, all of which generally concern the "Release of Court Records," but each addresses a distinct situation. Three of the four subsections address different forms of release by the Court or its staff: subsection (a) sets out the Court's process for publishing Court opinions; subsection (b) governs the release of Court records by the Clerk; and subsection (c)(2) provides for the provision of Court records to Congress by the Presiding Judge. None of these provisions is applicable here.

The only portion of Rule 62 that applies to the disclosure of Court records by the Executive Branch is subsection (c)(1), which states that the Government may, when required by law, provide FISC records to the Congress without prior motion to and order from the Court. Subsection (c)(1), which was first adopted in November 2010, was intended to stop the Government's practice of filing what the Court viewed as unnecessary motions for unsealing before fulfilling its statutory obligation to submit certain FISC records to Congress. See Rule

62(c)(1) (citing pertinent statutory provisions). Rule 62(c)(1) does not address other disclosures by the Government of FISC orders or opinions in its possession. By contrast, Rule 62(b) explicitly prohibits the Clerk of the Court from disclosing FISC records except in two narrow circumstances. The lack of similar preclusive language in subsection (c)(1) militates against reading it as barring other, unspecified disclosures by the Government of FISC records in its possession, and the Court concludes that it should not be construed in such a manner.

As the Government notes (Gov't Opp. at 6-7), this Court routinely grants motions by the Government to unseal and release certified copies of FISC records for District Court review in connection with a decision by the Government to use in litigation information derived from electronic surveillance or physical search conducted under the Foreign Intelligence Surveillance Act ("FISA"). See 50 U.S.C. §§ 1806(f), 1825(g). That practice, however, does not support the Government's interpretation of Rule 62 in this matter. To begin with, the Government's motions to unseal and release frequently encompass FISC orders that are, by their own terms, explicitly sealed.[1] Moreover, such motions always include a request for the release by the Court of certified copies of FISC records. As discussed above, FISC Rule 62(b) provides that "[e]xcept when an order, opinion, or other decision is published or provided to a party upon issuance, the

---

[1] Some orders of this Court are, by their own terms, sealed or otherwise subject to restrictions on disclosure. See, e.g., 50 U.S.C. § 1861(c)(2)(C) (requiring that certain Court orders contain language restricting disclosure). The Government does not assert that the Opinion at issue here contains, or is otherwise subject to, an express sealing provision. Moreover, FISA requires that certain submissions to the FISC be made "under seal," see id. §§ 1802(a)(3), 1822(a)(3), 1861(f)(5), 1881a(g)(1)(A), 1881(a)(k)(2), and that certain Court records be transmitted "under seal" to the Foreign Intelligence Surveillance Court of Review or the Supreme Court, see id. §§ 1803(a)(1), 1803(b), 1822(a)(3), 1822(c), 1822(d), 1861(f)(3), 1881a(h)(6)(B), 1881a(i)(4)(D). None of these provisions is applicable here, and the Government does not argue otherwise.

Clerk may not release it, or other related record, without a Court order." Because the Government's motions to unseal and release are seldom, if ever, filed contemporaneously with the issuance or publication of an order or opinion, Rule 62(b) expressly requires a Court order to effectuate the requested release of records by the Clerk. Rule 62 imposes no such requirement for disclosures made by the Government pursuant to FOIA.

There is nothing anomalous in the conclusion that the Rules of this Court do not prohibit the Government from disclosing the copies of the Opinion sought by EFF. It is fundamentally the Executive Branch's responsibility to safeguard sensitive national security information. See Dep't of Navy v. Egan, 484 U.S. 518, 527-29 (1988). As a general matter, it would be redundant for this Court to impose on the Executive Branch additional restrictions on the disclosure of information about sensitive foreign intelligence activities contained in FISC records beyond those imposed by Executive Order and statute.[2] As the Court has previously noted, security measures required by FISA govern surveillance orders and opinions "in the possession of the FISC, the [Foreign Intelligence Surveillance] Court of Review, the Supreme Court, a person rendering assistance [in conducting surveillance], or a district court for review [in litigation], or even when submitted to Congress." In re Motion for Release of Court Records, 526 F. Supp. 2d at 490. They do not generally regulate copies of those records in the possession of the Executive Branch.

---

[2] See, e.g., Exec. Order No. 12,968, 60 Fed. Reg. 40, 245 (Aug. 2, 1995), as amended by Exec. Order No. 13,467, 73 Fed. Reg. 38,103 (June 30, 2008), set out as note to 50 U.S.C.A. § 435; Exec. Order 13,526, 75 Fed. Reg. 707 (Dec. 29, 2009), set out as note to 50 U.S.C.A. § 435; see also 18 U.S.C. § 798.

III.    *Conclusion.*

For the foregoing reasons, EFF's motion is granted in part. The Court holds that FISC Rule 62 does not have the effect of sealing copies of the Opinion in the Government's possession and that the Court has not otherwise prohibited the Government's disclosure of such copies in response to EFF's FOIA request. This Court expresses no opinion on the other issues presented in the FOIA litigation, including whether the Opinion is ultimately subject to disclosure under FOIA. Such questions are appropriately addressed by the District Court in the FOIA litigation.

SO ORDERED, this __12th__ day of June, 2013, in Docket No. Misc. 13-01.

**REGGIE B. WALTON**
Judge, United States Foreign
Intelligence Surveillance Court

I, Beverly C. Queen, Chief Deputy
Clerk, FISC, certify that this document
is a true and correct copy of the
original.